IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **LESLIE GREER** § | |
| Plaintiff § | |
| § | Civil Action No: 4:12 cv 780 |
| v. § | |
| § | Complaint for Accommodation |
| **SILWAD, INC.** § | Discrimination Under the A.D.A. |
| Defendant § | |
| § | |
| § | |

## *ORIGINAL COMPLAINT*
### INTRODUCTION

1. Plaintiff is an individual with a disability. Plaintiff brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Tex. Hum. Res. Code § 121.001 *et seq.* This Complaint seeks redress for past and continuing discrimination against persons with disabilities. This discrimination is occurring at the shopping center where, among other things, the Mexigo restaurant is located in Allen, Texas. The real property of the shopping center is divided up amongst different owners. The real property where the restaurant is located is owned and or operated by the Defendant.

2. Plaintiff seeks to enjoin the Defendant from maintaining and to require that the Defendant remove the architectural barriers that interfere with Plaintiff's right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Defendant at the shopping center and the restaurant.

3. Plaintiff also seeks a permanent injunction to prevent the Defendant from

engaging in these unlawful practices, as well as declaratory relief and attorney's fees and costs of litigation.

## JURISDICTION

4.  This Court has jurisdiction over the federal claims brought in this action under 28 U.S.C. §1331 and 42 U.S.C. §12188 and supplemental jurisdiction over the state claims. under 28 U.S.C. §1367.

## PARTIES

5.  Plaintiff Leslie Greer ("Ms. Greer") is an individual with a disability within the meaning of the ADA Sec. 3(2)(A), 42 U.S.C. 12102(2)(A) ), and a "Person with a disability" as defined by Tex. Hum. Res. Code § 121.002(4).  She is unable to walk as the result of a spinal cord injury and must use a wheelchair for mobility.

6.  The property is a large mixed use shopping center with many different types of businesses in it.  It is located generally at the corner of McDermott and Central Expressway.  It is comprised of several pieces of real property.  Greenway Allen Retail (CAL) Lot 1B is owned by Silwad, Inc. and is the subject of this lawsuit (the "Property").

7.  Defendant, Silwad, Inc. is a Texas for profit corporation and it owns and operates the Property.  Its agent for service of process is Hussein Odeh and he can be served at 3933 South Cockrell Hill, Dallas, TX 75236 or wherever he may be found.   Under the law, both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are liable for the violations of the ADA.  As between those parties, allocation of responsibility for complying may be determined by lease or other contract 36 C.F.R. 201 (b).

## BACKGROUND

8.  More than 20 years ago Congress determined that disabled people, such as the Plaintiff, were being discriminated against. Specifically Congress found, in part, the following:

>   (a) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;
>   (b) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;
>   (c) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;
>   (d) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability <u>have often had no legal recourse to redress such discrimination</u>;
>   (e) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, <u>the discriminatory effects of architectural</u>, transportation, and communication <u>barriers</u>, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; 42 U.S.C. 12101(a) (emphasis added).

9.  As a result of these findings the Congress passed the Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sec. 12101 *et seq*. That act forms a basis for this action. The ADA was designed to do several things, specifically:

>   (a) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>   (b) <u>to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities</u>;
>   (c) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and

>	(d) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. 12101(b) (emphasis added).

These laws have been in effect for 20 years.  Any entity engaged in owning or operating a public accommodation should be well aware of the requirements.  Congress provided that individual disabled citizens would be empowered to enforce this civil rights law.  The effect of having millions of disabled individuals enforcing the requirements greatly increases the likelihood of compliance by the public accommodations.  <u>Ms. Greer is now exercising her right, granted by Congress, to require that the Defendant comply with the law.</u>

## FACTS

10.	That shopping center was the subject of a previous lawsuit on this same issue. The Property involved in this case was purchased by the Defendant after the judgment in that case was issued. That judgment has not been complied with in that the Property still does not comply with the new construction standards of the ADAAG.  The Defendant in this case has been made aware of this non-compliance for many months and has failed to bring the Property into compliance.  Therefore this lawsuit was required.

11.	Ms. Greer uses a wheelchair for mobility. Ms. Greer has been an active advocate for the disabled with varying degrees of involvement over more than the past ten years. Ms. Greer has been to the Property on more than one occasion in the past year.  Despite the previous court order the Property still does not have the accessible parking required by the law, nor does it have an accessible route through the facility.

12.     Collin County records indicate that the Shopping Center was built brand new from the ground up after January 1993.  As such it is new construction and must comply with the new construction guidelines under the ADA

13.     Upon each visit Ms. Greer will encounter some of the above listed architectural barriers at the Property.  Despite those barriers she will continue to try to use the Property.  The barriers located on the Property discriminate against her with regards to using the goods, services, facilities, privileges, advantages, and accommodations located on the Property.

14.     As a result of the Defendant's conduct and in order to pursue this matter Plaintiff has retained an attorney with more than 20 years of experience, including having been appointed class counsel on several occasions to represent mobility impaired individuals of Texas.  The Plaintiff has agreed to pay this attorney, whose name appears on this Compliant, a reasonable fee.  Pursuant to her statutory rights, Ms. Greer will seek to recover her fees and any costs in this litigation from the Defendant if she is the prevailing party in this case.

## CAUSES OF ACTION
### Count 1

### ADA - Failure to Accommodate, New Construction

15.     The law requires that "[n] o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates a place of public accommodation"*. 42 U.S.C. §12182(a) (italics added).

16. A facility means all *or any portion of buildings*, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 CFR part 36.104 Definitions (italics added).

17. The Property is a facility and/or public accommodation under the law.

18. Discrimination includes "a failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities". 28 CFR part 36.401 New Construction.

19. [A] facility is designed and constructed for first occupancy after January 26, 1993, only –

(i) If the last application for a building permit or permit extension for the facility is certified to be complete, by a State, County, or local government after January 26, 1992 (or, in those jurisdictions where the government does not certify completion of applications, if the last application for a building permit or permit extension for the facility is received by the State, County, or local government after January 26, 1992); and

(ii) If the first certificate of occupancy for the facility is issued after January 26, 1993. 28 CFR part 36.401

20. Upon information and belief, the last building permit was filed and the first certificate of occupancy for the Property was issued after January 26, 1993. Therefore, *under the statutory definition,* the Property is "new construction" under the ADA.

21. The guidelines for new construction are clearly set out in the Federal ADA Guidelines for Buildings and Facilities, 28 CFR Part 36, Appendix A, (the "ADAAG").

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*
Page 6 of 10

22.     Defendant fails to comply with the ADAAG requirements at the Property because of the numerous architectural barriers that exist there.  Many of those barriers are previously set out in the "Facts" section of this Complaint.

23.     The Defendant discriminates against Ms. Greer because it owns and or operates a facility that was not designed and constructed to be readily accessible to and usable by individuals with disabilities 42 USC 12183(a)(1) despite being subject to that requirement under the law.

24.     As a direct and proximate result of the Defendant's denial of appropriate and dignified access into and use of the Property, the Defendant deprived Plaintiff of her civil liberties and has thereby discriminated against her.

### Count 2
### ADA - Improper Alterations

25.     In the alternative, some of the modifications and alterations that exist at the Property were installed after the ADA guidelines went into effect.  As such the law requires that they have been built in compliance with the ADAAG standards.  They were not.

> (a) General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.
>
> (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
>
> (b) Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
>
> 28 C.F.R. 36.402

26. Clearly, features designed to allow access into a Property, such as parking and paths of travel "could affect the usability of the building or facility or any part thereof." Parking spaces and accessible routes affect the usability of the Property. To the extent that the parking and access routes have been modified since the Property was constructed, those areas must comply as modifications. Those modifications do not comply with the law.

27. The Defendant discriminates against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Property in that, the Defendant does not afford to Plaintiff or any other mobility impaired individual the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Property as required by law because it has failed to ensure that the alterations made after January 26, 1992 are accessible to the maximum extent feasible.

28. As a direct and proximate result of the Defendant's denial of appropriate and dignified access into and use of the Property, the Defendant has deprived Plaintiff of her civil liberties and thereby discriminated against her.

## Count 4
## Tex. Hum. Res. Code – Discrimination

29. Tex. Hum. Res. Code § 121.003(a) provides that persons who are physically disabled have the same right as the able-bodied to the full use and enjoyment of any public facility in the state.

30. TEX GOV CODE §469.003 (Vernon 2003) defines one set of public facilities covered by the law, specifically, "a privately funded building or facility defined as a "public accommodation" by Section 301(7) of the Americans with Disabilities Act of

1990 (42 U.S.C. Section 12181), and its subsequent amendments, that is constructed or <u>renovated,</u> <u>modified,</u> <u>or</u> <u>altered</u> on or after January 1, 1992" (emphasis added). The Property is covered under this definition as previously set out in this Complaint.

31. The State of Texas, Texas Accessibility Standards (the "TAS") of the Architectural Barriers Act, Article 9102, Texas Civil Statutes, are similar to and closely track the ADAAG. The TAS clearly sets out certain requirements for public accommodations such as the Property with regards to design requirements.

32. Complying with the TAS is a requirement of Chapter 469 of the Government Code. Violation of TAS is therefore a violation of Chapter 469. A violation of Chapter 469 is a violation of §121.003(d)(1) of the Tex. Hum. Res. Code. because §121.003 (d)(1) specifically states that a failure to comply with Article 9102, Texas Civil Statutes is a form of discrimination in Texas. Therefore violation of the TAS requirements is a violation of §121.003 of the Tex. Hum. Res. Code. Article 9102 was simply codified into Chapter 469 of the Government Code in 2003.

33. The architectural barriers previously set out in the "Facts" portion of this Complaint, regarding the parking and path of travel are violations of the TAS requirements as well as the ADAAG.

34. Any public facility that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties. The person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction, and *there is a conclusive presumption of damages in the amount of no less than $100*. Tex. Hum. Res. Code § 121.004(b). (italics added.)

35. As a direct and proximate result of the Defendant's violation of Texas law and it's denial of appropriate and dignified access into and use of the Property, the Defendant

deprived Ms. Greer of her civil liberties.  Ms. Greer suffered inconvenience and the indignity and stigma of discrimination as a result.

### *REQUEST FOR RELIEF*

Wherefore Plaintiff respectfully requests that the Court grant the following relief:

36. An order directing the Defendant to bring the Property into compliance with the new construction standards of the ADAAG and TAS.

37. An order directing the Defendant to stop discriminating against Ms. Greer now and in the future and for mandatory monetary damages under State law of no less than $100.00, the trier of fact to determine the appropriate amount.

38. An award to Plaintiff for her attorney's fees, including litigation expenses, and costs.

39. An award to Plaintiff of such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted December 18, 2012 by,

/s/ Palmer D. Bailey

**Mr. Palmer D. Bailey**
**Attorney-in-charge**
Bar Card No. 01533400
Law Office of Palmer Bailey, *A Professional Corporation*
16633 Dallas Parkway, Ste. 600
Addison, TX 75001
Tel.  972.588.1863
Fax. 972.588.1801
pdbaileyesq@gmail.com

**Attorney for Plaintiff**


***Plaintiff Demands a Trial by Jury***


***PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL***
**Page 10 of 10**